IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LOUISE TOWER AND SHAWN MORSE,<br><br>        Petitioners,<br><br>   vs.<br><br>UNITED STATES OF AMERICA,<br>JOHN KOSKINEN, COMMISSIONER<br>OF INTERNAL REVENUE, and<br>BLANCHE GALASINAO, REVENUE<br>AGENT,<br><br>        Respondents. | CIVIL NO. 17-00226 JMS-RLP<br><br>FINDINGS AND RECOMMENDATION TO DENY THE PETITION TO QUASH 3RD PARTY SUMMONS AND TO GRANT THE UNITED STATES' MOTION FOR SUMMARY DENIAL OF THE PETITION TO QUASH AND FOR ENFORCEMENT OF INTERNAL REVENUE SERVICE SUMMONS |

FINDINGS AND RECOMMENDATION TO DENY THE PETITION TO
QUASH 3RD PARTY SUMMONS AND TO GRANT THE UNITED STATES'
MOTION FOR SUMMARY DENIAL OF THE PETITION TO QUASH AND
<u>FOR ENFORCEMENT OF INTERNAL REVENUE SERVICE SUMMONS</u>[1]

       Before the Court are (1) the Petition to Quash 3rd Party Summons, filed by Louise Tower[2] on May 19, 2017 ("Petition"); and (2) the Motion for Summary Denial of the Petition to Quash and for Enforcement of Internal Revenue Service Summons, filed by the United States on July 20, 2017 ("United

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

[2] Although the Petition is captioned as submitted by both Louise Tower and Shawn Morse, the Petition was only signed by Ms. Tower, proceeding pro se, and does not bear the signature of Mr. Morse. <u>See</u> ECF No. 1. Additionally, the Opposition to the United States' Motion is signed by Ms. Tower and does not bear the signature of Mr. Morse. <u>See</u> ECF No. 14. The Court treats the Petition and Opposition as filed only by Ms. Tower.

States' Motion"). ECF Nos. 1, 12. Briefing was completed on these two matters on August 28, 2017. Pursuant to Local Rule Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii, the Court elects to decide these matters without a hearing and VACATES the hearing set for September 8, 2017. As discussed in detail below, the Court FINDS AND RECOMMENDS that the district court DENY the Petition and GRANT the United States' Motion.

BACKGROUND

On May 3, 2017, Internal Revenue Service ("IRS") Tax Specialist Blanche Galasinao, issued a summons to the Bank of Hawaii to produce bank information related to Petitioners Louise Tower and Shawn Morse ("Summons"). See ECF Nos. 1-15, 12-2. The Summons directed the Bank of Hawaii to produce all bank records in its possession relating to any bank accounts, loans made or applied for, or for any credit/debit/charge cards with respect to Petitioners for years 2014 and 2015. Id. In accordance with Internal Revenue Code Section 7603, Ms. Galasinao served an attested copy of the Summons on Bank of Hawaii via certified mail. ECF No. 12-1, Galasinao Decl., ¶¶ 4-5. Ms. Galasinao also sent notice of the summons to Petitioners by certified mail pursuant to Internal Revenue Code Section 7609(a). Id. ¶ 6. Ms. Tower then filed the present Petition seeking to quash the Summons issued to Bank of Hawaii. ECF No. 1. In response, the

United States filed its Motion seeking denial of the Petition and enforcement of the Summons. ECF No. 12.

ANALYSIS

To enforce a summons, the government must establish good faith by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information not already within the IRS's possession; and (4) satisfies all administrative steps required by the United States Code. United States v. Powell, 379 U.S. 48, 57-58 (1964). The government's burden is "a slight one" and is generally satisfied by the sworn declaration of the IRS agent who issued the summons establishing that the Powell requirements have been met. Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995).

Once the government has shown that the Powell requirements have been met, the taxpayer is entitled to an evidentiary hearing to challenge the summons' validity if the taxpayer presents "specific facts or circumstances plausibly raising an inference of bad faith." United States v. Clarke, 573 U.S. ___, 134 S. Ct. 2361, 2367, 189 L. Ed. 2d 330 (2014). "Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge." Id. The taxpayer must "make a showing of facts that

give rise to a plausible inference of improper motive." Id. at 2368.

### 1. The Powell Requirements Have Been Met.

Here, the Court finds that the government has demonstrated that the Powell requirements have been met. The IRS submitted the declaration of IRS Tax Specialist Blanche Galasinao, who issued the Summons, establishing that the Summons meets the four Powell requirements. See ECF No. 12-1, Galasinao Decl. Specifically, Ms. Galasinao's declaration establishes that:

(1) the Summons was issued for a legitimate purpose as part of the IRS's investigation to determine Petitioners' federal tax liabilities for the calendar years 2014 and 2015;

(2) the information sought through the Summons is relevant to the investigation to help the IRS determine the correct federal tax liabilities of Petitioners;

(3) the Summons seeks documents not already within the IRS's possession; and

(4) all administrative requirements have been met with regard to the Summons.

Because the government has met the four Powell requirements, the burden shifts to Petitioners to show facts that give rise to a plausible inference of improper motive.

**2. Petitioners Have Failed to Present Specific Facts or Circumstances that Plausibly Raise an Inference of Bad Faith.**

The Court finds that Petitioners have not presented sufficient evidence to plausibly raise an inference of bad faith as to the IRS's purpose for issuing the Summons. Ms. Tower asserts that the Summons was issued following a verbal threat and that Ms. Galasinao's refusal to extend their scheduled meeting is evidence of bad faith. ECF No. 1 at 4. In her Opposition to the United States' Motion, Ms. Tower states that during her phone call with Ms. Galasinao, Ms. Galasinao stated that Ms. Tower would be "reported" if Ms. Tower did not attend the previously scheduled meeting. See ECF No. 14 at 2-5. In her declaration, Ms. Galasinao states that she did not make any threat to Petitioners and did not seek to intimidate them in any way. See ECF No. 12-1 ¶ 12. The Court finds that Ms. Tower has failed to present credible evidence of bad faith. The statement that Ms. Galasinao told Ms. Tower that she would be reported for failing to attend the scheduled meeting is insufficient to raise a plausible inference of improper motive in issuing of the Summons. Additionally, Ms. Tower's statement that Ms. Galasinao refused to extend their scheduled meeting does not plausibly raise an inference of bad faith as to the IRS's purpose for issuing the Summons. Accordingly, the Court finds that Petitioners are not entitled to an evidentiary hearing to challenge the validity of

the Summons.  See Clarke, 134 S. Ct. at 2367.

**3. The Summons Should Be Enforced.**

Based on the Petition and the United States' Motion, the Court FINDS as follows:

1. The IRS is conducting an investigation to determine Petitioners' federal tax liabilities for the years 2014 and 2015.

2. On May 3, 2017, the IRS served a duly issued summons on Bank of Hawaii, which directed Bank of Hawaii to produce for examination certain books, records, papers, and other data related to Petitioners as described in the Summons.

3. Petitioners have failed to make a showing of facts that give rise to a plausible inference of improper motive.

Accordingly, the Court RECOMMENDS that the district court:

(1) DENY the Petition to Quash 3rd Party Summons;

(2) GRANT the United States' Motion for Summary Denial of the Petition to Quash and for Enforcement of Internal Revenue Service Summons;

(3) ORDER that the IRS Summons served upon Bank of Hawaii be enforced and that Bank of Hawaii obey the Summons in full;

(4) DIRECT the Bank of Hawaii to produce all documents responsive to the Summons no later than thirty days after the district court adopts this Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, AUGUST 29, 2017.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**TOWER, ET AL. V. UNITED STATES**; CIVIL NO. 17-00226 JMS-RLP; FINDINGS AND RECOMMENDATION TO DENY THE PETITION TO QUASH 3RD PARTY SUMMONS AND TO GRANT THE UNITED STATES' MOTION FOR SUMMARY DENIAL OF THE PETITION TO QUASH AND FOR ENFORCEMENT OF INTERNAL REVENUE SERVICE SUMMONS